IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MIGUEL AVALOS-DIAZ,<br>JOSE S. PEREZ<br><br>      Defendants. | 8:22-CR-139<br><br>ORDER ON MOTION IN LIMINE |

   The Government has moved in limine to preclude Defendants from questioning an anticipated witness regarding matters pertaining to the Eighth Circuit Court of Appeals' decision in *United States v. Polite*, 910 F.3d 384 (8th Cir. 2018). Filing 66 at 1; Filing 67 at 4. The Government argues: (1) that the *Polite* opinion is inadmissible hearsay, and (2) that it "would be improper" for Defendants to use the *Polite* opinion for purposes of impeachment under Rule 608(b) of the Federal Rules of Evidence. Filing 66 at 1. Having considered the matter, the Court will grant the Government's Motion in part and deny it in part. The *Polite* opinion may not be admitted as evidence. However, Defendants are permitted to use the matters referenced in the *Polite* opinion as a basis for cross-examination consistent with Rule 608(b) and the parameters outlined by the Court in this Order.

## I. BACKGROUND

   The Government anticipates that Detective Mike Sundermeier will be called as a witness in this case. *See* Filing 66 at 1. Five years ago, in *Polite*, the Eighth Circuit criticized the testimony of then-Officer Sundermeier as "incredible and implausible when considered along with the other undisputed evidence." 910 F.3d at 387. That case concerned whether there was reasonable suspicion to detain and probable cause to arrest the defendant. *Id.* at 385. Although the Eighth

1

Circuit found that the defendant's detention and arrest were lawful, it made a point of emphasizing that it reached this conclusion after it "purposefully disregarded" portions of Officer Sundermeier's testimony that it found were "clearly incredible and implausible." *Id.* at 387–88. Specifically, the Eighth Circuit found Officer Sundermeier not credible when he testified that he heard the defendant discard two firearms in the grass because Officer Sundermeier was 30 feet away when this occurred and there were 20 other people in the area talking and moving in different directions. *Id.* The court also criticized Officer Sundermeier's testimony that he knew the defendant given that the defendant "was walking in the dark with his head down while wearing a hooded sweatshirt[,]" Officer Sundermeier did not identify the defendant by name when he handcuffed him, Officer Sundermeier referred to the defendant as "this guy" to a fellow law enforcement officer, Officer Sundermeier did not identify the defendant by name or make any indication that he was familiar with him, and there was no effort to identify the defendant until after a crime lab technician asked Officer Sundermeier for the suspect's name. *Id.* Accordingly, the court held it was "clearly erroneous" for the district court to rely on Officer Sundermeier's testimony. *Id.*

## II. LEGAL ANALYSIS

There are two questions at issue on this Motion. The first is whether Defendants may reference the *Polite* opinion when questioning Detective Sundermeier consistent with the Confrontation Clause and Rule 608(b) of the Federal Rules of Evidence. The second question is whether the *Polite* opinion itself is admissible. *See* Filing 66 at 1. The Court will address these matters separately.

### A. The Impeachment Issue

*1. Applicable Standards*

"'A Confrontation Clause violation is shown when a defendant demonstrates a reasonable jury might have received a significantly different impression of a witness's credibility had counsel been allowed to pursue the proposed line of cross-examination.'" *United States v. Jones*, 728 F.3d 763, 766 (8th Cir. 2013) (quoting *United States v. Oaks,* 606 F.3d 530, 540 (8th Cir. 2010)). Thus, "the Confrontation Clause can be violated when a district court impermissibly limits the 'scope of cross-examination.'" *United States v. A.S.*, 939 F.3d 1063, 1072 (10th Cir. 2019) (quoting *Davis v. Alaska*, 415 U.S. 308, 315 318 (1974)).

Rule 608(b) of the Federal Rules of Evidence governs how a witness's credibility may be impeached through specific instances of conduct. *See generally* Fed. R. Evid. 608(b). It provides, "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's character for truthfulness." Fed. R. Evid. 608(b). The Rule further states that a "court may, on cross-examination, allow [these specific instances] to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b)(1)-(2). Thus, the Rule "permits a witness's cross-examination about specific instances of conduct if, in the court's discretion, they are probative of the witness's character for truthfulness or untruthfulness." *United States v. Johnson*, 64 F. App'x 596, 597 (8th Cir. 2003). Consistent with this Rule, "a questioner may ask about specific instances of conduct to attack a

3

witness's credibility, but only if the questioner has a good faith basis that the instance actually occurred." *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020).[1]

"However, an attorney cross-examining the witness under Rule 608(b) can only ask about the alleged dishonest act and then is stuck with his answer, even a denial." *A.S.*, 939 F.3d at 1072 (cleaned up) (quoting *Seifert v. Unified Gov't*, 779 F.3d 1141, 1154 (10th Cir. 2015) (in turn quoting *United States v. Frost*, 914 F.2d 756, 767 (6th Cir. 1990)). "The purpose of the rule is to avoid holding mini-trials on peripherally related or irrelevant matters." *United States v. Alston*, 626 F.3d 397, 404 (8th Cir. 2010) (internal quotations and citations omitted).

2. Discussion

The Court concludes Defendants have a good-faith basis upon which to probe specific instances bearing on Detective Sundermeier's credibility given that *Polite* is a published, federal appellate court decision. Nevertheless, the Government argues that this opinion "cannot properly be used to impeach Detective Sundermeier" under Rule 608(b). Filing 67 at 5. The Court agrees that the *Polite* opinion itself cannot be used as extrinsic evidence to prove Detective Sundermeier's specific instances of prior conduct. *See* Filing 67 at 5. "Rule 608(b) specifically prohibits proof of prior bad acts[.]" *United States v. Tate*, 633 F.3d 624, 631 (8th Cir. 2011) (cleaned up) (quoting *United States v. Nazarenus*, 983 F.2d 1480, 1486 (8th Cir. 1993)).

However, it would be improper to preclude any and all questions as to this matter on the basis of Rule 608(b). As Judge Posner once noted, "Rule 608(b) . . . is a rule about presenting extrinsic evidence, not about asking questions." *United States v. Dawson*, 434 F.3d 956, 959 (7th Cir. 2006). The Government has not provided the Court with a proffer of Detective Sundermeier's

---

[1] *See also United States v. Williams*, 796 F.3d 951, 961 (8th Cir. 2015) (finding no abuse of discretion where the district court precluded the defendant from pursuing a line of questioning on cross-examination because he had "no good-faith basis" to ask such questions); *United States v. Abair*, 746 F.3d 260, 264 (7th Cir. 2014) (recognizing the "good faith basis" standard applies under Rule 608(b)).

anticipated testimony, but he does not appear to be a mere peripheral witness. To the contrary, the Government represents that Detective Sundermeier "primarily investigated the case against Defendants[.]" Filing 67 at 1. Given his role in this case, the Court is particularly mindful that the Confrontation Clause is violated "when a defendant demonstrates a reasonable jury might have received a significantly different impression of a witness's credibility had counsel been allowed to pursue the proposed line of cross-examination." *Jones*, 728 F.3d at 766. The fact that a three-judge panel of the Eighth Circuit unanimously criticized this same witness's prior testimony in a federal case as "clearly incredible and implausible," *Polite*, 910 F.3d at 388, might cause a reasonable jury to come away with a "significantly different impression" of his credibility. *Id.*; *see also Dawson*, 434 F.3d at 958-59 (noting that Rule 608(b) "clearly" allows a "judge to permit the defendant's lawyer . . . to ask the witness whether they had lied in two previous suppression hearings" and that this line of inquiry could extend "to asking the witness whether a judge, say, had ever found him not to be a credible witness").

In order to avoid confusing the issues and prevent unnecessary, cumulative questioning on this matter, the Court will set some parameters as to the questions Defendants may ask Detective Sundermeier.[2] Defendants may ask Detective Sundermeier whether the veracity of his testimony in prior judicial proceedings has ever been called into question by a panel of federal appellate judges. Defendants may further ask Detective Sundermeier limited and narrowly tailored questions addressing the two specific portions of his testimony that the Eighth Circuit "purposefully disregarded" in *Polite*. Defendants are of course "stuck with his answer[s]" and will not be

---

[2] *See United States v. Haskell*, 468 F.3d 1064, 1073 (8th Cir. 2006) ("In the area of cross-examination, 'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'") (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)); *see also Alston*, 626 F.3d at 403 ("Admissibility of prior misconduct which is probative of a witness' truthfulness is expressly entrusted to the trial court's discretion by Rule 608(b)") (internal quotations and citation omitted).

permitted to prove up their impeachment by introducing the *Polite* opinion as extrinsic evidence. *See A.S.*, 939 F.3d at 1072; *Dawson*, 434 F.3d at 958–59 (explaining that it would have been "a problem" if the defendant's lawyer had asked a witness whether "'any federal judge ever found that you lied on the stand'" and then, "when the witness answered 'no' . . . sought to have the judge's finding placed in evidence" because that "would be 'extrinsic evidence' and would be bared by Rule 608(b) if the evidence were being used to undermine the witness's 'character for truthfulness'"). The Court will not grant the Government's request for "an order excluding any reference or questions eliciting any reference to the [Eighth Circuit's] judicial criticism" of Detective Sundermeier. Filing 67 at 1.

### B. The Hearsay Issue

1. *Applicable Standards*

The Eighth Circuit has noted that "[a] majority of [its] sister circuits to consider the issue have held 'that judicial findings of fact are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists.'" *United States v. Jones*, 728 F.3d 763, 767 (8th Cir. 2013) (quoting *United States v. Jeanpierre*, 636 F.3d 416, 423 (8th Cir. 2011) (internal quotation marks and additional citations omitted)).[3] However, as the Government correctly acknowledges in its brief (Filing 67 at 4–5), the Eighth Circuit "has 'not decided whether judicial credibility determinations are inadmissible hearsay.'" *Jones*, 728 F.3d at 767 (alteration omitted) (quoting *Jeanpierre*, 636 F.3d at 424). In *Jones*, the district court prevented the defendant from introducing evidence that a federal magistrate judge found a government witness lacked credibility because, in the district court's view, the evidence was irrelevant, cumulative, and constituted hearsay. *Id.* at

---

[3] *But see United States v. Cedeno*, 644 F.3d 79, 82 (2d Cir. 2011) (favorably citing prior circuit precedent which held that "Proof that a judge . . . before whom [the witness] had testified . . . had found that ['the witness] had 'guessed under oath' was probative of the weight to be accorded to his testimony") (quoting *United States v. Terry*, 702 F.2d 299, 316 (2nd Cir. 1983)).

767. On appeal, the Eighth Circuit concluded that it "need not decide on this record what a witness can be asked, or the scope of the hearsay exception" given that the witness "never testified at the previous hearing" and the magistrate's credibility determination was instead based upon a proffer as to what the witness's testimony would be. *Id.* As such, the *Jones* case did "not present a credibility finding about sworn testimony." *Id.* However, even assuming that district court erred, the Eighth Circuit concluded that any such error was harmless beyond a reasonable doubt given that the defendant examined the witness about his lack of credibility on other grounds and further questioning would have been cumulative. *Id.* Therefore, "[t]he district court did not err in refusing to admit any evidence about the magistrate judge's [credibility] finding." *Id.*

 2. *Discussion*

Although the Eighth Circuit has not resolved whether a judicial opinion constitutes inadmissible hearsay, whether the *Polite* opinion itself is hearsay is not determinative of whether it should be admitted as evidence.[4] Even if the *Polite* opinion was not hearsay, it would still need to be relevant in order to be admissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"). Apart from weighing on Detective Sundermeier's credibility, the *Polite* opinion has no tendency to make any other fact at issue in this case "more or less probable than it would be without the evidence[.]" *See* Fed. R. Evid. 401(a); *United States v. Waters*, 70 F.4th 467, 470 (8th Cir. 2023) ("Evidence is relevant if it has 'any tendency' to make a fact of consequence 'more or less probable.'"). Therefore, the Court will not allow the *Polite* opinion to be admitted into evidence at trial because, as explained above, Rule 608(b) expressly precludes the admission of extrinsic evidence to prove up prior specific instances bearing upon a witness's credibility. The

---

[4] Ultimately, the proponent of the evidence bears the burden of proving that that a hearsay exception applies. *United States v. Two Shields*, 497 F.3d 789, 793 (8th Cir. 2007). Because Defendants have not responded to the Government's Motion, the Court will not speculate on hypothetical hearsay exceptions that Defendants have not indicated an intent to rely upon.

Court also concludes the opinion's probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. There is an important distinction between allowing narrowly tailored cross-examination based upon matters contained within an appellate court opinion and admitting such an opinion into evidence for the jury's consideration in the deliberation room. The former is permissible under the Confrontation Clause and Rule 608(b); the latter would almost assuredly create unnecessary confusion. *See* Fed. R. Evid. 403. Accordingly,

   IT IS ORDERED:

   1. Defendants are permitted to cross-examine Detective Sundermeier by referencing the *Polite* opinion consistent with Rule 608(b) and the parameters set forth in this Order; and

   2. Defendants are not permitted to admit the *Polite* opinion into evidence at this time.

   Dated this 10th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge