IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL AVALOS-DIAZ,<br>JOSE S. PEREZ<br><br>Defendants. | 8:22-CR-139<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

  This matter is before the Court on the United States' Motion for a Preliminary Order of Forfeiture. Filing 133. Having reviewed the record in this case, the Court finds as follows:

  1. On August 14, 2023, the Court held a change of plea hearing and defendant Miguel Avalos-Diaz entered a plea of guilty to Counts II, III, and IV of the Indictment and indicated in his Petition that he would be forfeiting property to the United States. *See* Filing 88 (Text Minute Entry); Filing 96.

  2. On August 14, 2023, the Court held a change of plea hearing and defendant Jose S. Perez entered a plea of guilty to Counts I and IV of the Indictment and indicated in his Petition that he would be forfeiting property to the United States. *See* Filing 94 (Text Minute Entry); Filing 97.

  3. Count I charged both Defendants with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) and a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Filing 1 at 1. Count II charged Avalos-Diaz with distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 1 at 1. Count III charged Avalos-Diaz with distribution of a mixture or substance containing a detectable amount of methamphetamine and a mixture or

1

substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count IV charged both Defendants with possessing with the intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 1 at 2.

4. Both Defendants were also charged in Count V of the Indictment with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Filing 1 at 2. Both Defendants maintained their pleas of not guilty with respect to Count V. On August 17, 2023, a jury returned a guilty verdict as to Avalos-Diaz on Count I and a not guilty verdict as to Avalos-Diaz on Count V. Filing 121 at 1–2. The Government subsequently moved to dismiss Count V against Perez, and the Court granted the Government's Motion. Filing 130; Filing 131. Accordingly, Avalos-Diaz stands convicted of Counts I, II, III, and IV of the Indictment and Perez stands convicted of Counts I and IV of the Indictment.

5. The Forfeiture Allegation in the Indictment sought the forfeiture of a 2010 black Audi A6 4-door sedan, VIN WAUKGAFB2AN052489, Nebraska License Plate No. WWT785, seized from Jose S. Perez, on the basis that it was used to facilitate the offenses, and/or that the property was derived from proceeds obtained directly or indirectly as a result of the commission of the offenses. By virtue of both Defendants' guilty pleas and the adjudication of guilt as to Count I in Avalos-Diaz's case, Defendants have forfeited their interests in the subject vehicle. Accordingly, the United States should be entitled to possession of said vehicle pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

1. The Government's Motion for a Preliminary Order of Forfeiture, Filing 133, is granted;
2. Based upon the Forfeiture Allegation of the Indictment and the pleas of guilty, the Government is hereby authorized to seize the above-described vehicle;

3. Defendants' interests in the vehicle are hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1);

4. The vehicle is to be held by the Government in its secure custody and control;

5. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish for at least thirty consecutive days on an official internet Government forfeiture site, www.forfeiture.gov., notice of this Preliminary Order of Forfeiture, notice of publication evidencing the Government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in any of the subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier;

6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the vehicle, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the vehicle and any additional facts supporting the Petitioner's claim and the relief sought;

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the vehicle as a substitute for published notice as to those persons so notified; and

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 30th day of October, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge